**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JUAN ALBERTO CRUZ MORA; SANDRA DEL CARMEN VARGAS ORTIZ AND THE LEGAL CONJUGAL PARTNERSHIP COMPOSED BETWEEN THEM.** | **CIVIL NO.:** |
| | **RE: TITLE VII; ADEA; GENDER, AGE DISCRIMINATION; ADEA; RETALIATION** |
| Plaintiff, | |
| vs. | **REQUEST FOR SUMMARY PROCEEDINGS UNDER 42 U.S.C. § 2000e-5(f)(5)** |
| **TELEVICENTRO OF PUERTO RICO, LLC. d/b/a WAPA TV CHANNEL 4; ABC INSURANCE COMPANIES, DEF UNKNOWN DEFENDANTS** | **PLAINTIFF DEMANDS TRIAL BY JURY AND PUNITIVE DAMAGES** |
| Defendants. | |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Juan Alberto Cruz Mora ("Cruz"), Sandra del Carmen Vargas Ortiz ("Vargas") and the Legal Conjugal Partnership composed between them, through his undersigned counsel and very respectfully **ALLEGES, SOLICITS** and **PRAYS**:

### I.      NATURE OF THE ACTION AND JURISDICTION

1.      Plaintiff Cruz invokes this Honorable Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 for this action seeking compensatory damages, equitable and injunctive relief, costs and attorney's fees brought forth pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* and the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 as a result of Defendant Televicentro of Puerto Rico, LLC. d/b/a WAPA TV, Channel 4's ("Televicentro" or "WAPA TV") continuous

unlawful and willful employment practices (gender, age discrimination and retaliation) which lead to multiple violations of Cruz' civil rights because he engaged in several statutorily protected activities under Title VII, ADEA and Puerto Rico Law No. 115, 29 L.P.R.A. §§ 194-194b.  Such discrimination and retaliation has caused severe emotional, mental, and economic damages for Cruz.

2.    Plaintiff Cruz further asserts this Honorable Court's supplemental jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico's laws invoked herein because such claims arise from the same nucleus of operative facts giving rise to Cruz's claims under federal law.

3.    Plaintiff Cruz also invokes the Honorable Court's supplemental and pendent party jurisdiction to hear and adjudicate his claims against all named party defendants arising under the following Puerto Rico Laws: Act No. 115 of December 20, 1991, 29 L.P.R.A. §§ 194 *et seq.*; Act No. 100 of June 30, 1959, 29 L.P.R.A. §§ 146, *et seq.* and Puerto Rico's Civil Code (2020) for his breach of contract claims.

4.    On or about June 20, 2024, Cruz timely filed an administrative Employment Discrimination and Retaliation Charge with the Equal Employment Opportunity Commission ("EEOC"), Case No. 515-2024-00402, claiming age and gender discrimination, as well as retaliation against his current employer, WAPA TV.

5.    Subsequently, on August 26, 2024, Cruz filed an Amended charge in the referenced with the EEOC.

6.    On October 31, 2024, Cruz filed a Second Amended charge in the stated EEOC case.

7.      Lastly, on November 20, 2024, Cruz filed his Third Amended charge with the EEOC.

8.      More than sixty (60) days have elapsed since Cruz timely filed on or about June 20, 2024, his first administrative Employment Discrimination and Retaliation Charge with the Equal Employment Opportunity Commission ("EEOC"), Case No. 515-2024-00402, claiming age and gender discrimination, as well as retaliation against his current employer, WAPA TV.  Thus, pursuant to ADEA, 29 U.S.C. § 626(d)(1), this federal civil action may be filed in this Honorable Court.

9.      Cruz and Vargas seek redress for the damages they suffered and continue to suffer as a result of WAPA TV's continuous unlawful employment discrimination on the basis of Cruz' age, gender, and for retaliation because he engaged in various statutorily protected activities by opposing unlawful employment practices, among other activities described herein below.

10.     Cruz was retaliated after he grieved to his supervisors and other WAPA TV personnel that he had been the victim of age and gender discrimination at his workplace and because WAPA TV woefully failed to remedy such egregious age and gender discrimination as required by Federal and Commonwealth of Puerto Rico laws.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (1), (2).  Venue is proper in this district because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this judicial district of Puerto Rico.  28 U.S.C. § 1391(b).

12.     Cruz hereby specifically invokes 42 U.S.C. § 2000e-5(f)(5) to request that his Title VII claims in this case to be in every way expedited.

## II.  THE PARTIES

13.    Cruz is a male citizen of the United States of America, of legal age, married and resident of San Juan, Puerto Rico.  Cruz was born on June 26, 1957, and is currently 67 years old.  As such, Cruz is within ADEA's protected age group.  Cruz is married to Vargas.

14.    Plaintiff Vargas is female citizen of the United States of America, of legal age, married and resident of San Juan, Puerto Rico.  Vargas is married to Cruz.

15.    At all relevant times of the facts alleged in this Complaint, Cruz was an employee within ADEA's and Title VII's protected classes.

16.    At all the relevant times of the facts alleged in this Complaint, Cruz was an "employee" within the definition of such terms as defined by Title VII, 42 U.S.C. § 2000e(f).  Cruz was also an "employee" within the definition of such term as provided by the ADEA, 29 U.S.C. § 630(f) and the Commonwealth of Puerto Rico laws that have been invoked herein.

28.    Defendant WAPA TV is a corporation organized under the laws of the Commonwealth of Puerto Rico and has its principal place of business in Guaynabo, Puerto Rico.  WAPA TV owns and operates a local Puerto Rican television channel, Canal 4.

17.     Defendant WAPA TV is considered a "person" within the meaning of such term as provided by Title VII, 42 U.S.C. § 2000e(a) and is engaged in an "industry affecting commerce" within the meaning of such term as provided by Title VII, 42 U.S.C. § 2000e(h).

29.    At all times relevant to this Complaint, WAPA is an "employer" within the meaning of such term as provided by Title VII, 42 U.S.C. § 2000e(b), the ADEA, 29 U.S.C. § 630(b)  and the laws of Puerto Rico that have been invoked herein.

30.    At all times relevant to this Complaint, WAPA employed fifteen (15) or more employees.

Complaint
Cruz Mora v. WAPA TV *et al.*
Page 5 of 15

31.     At all times relevant to this Complaint, WAPA was Cruz' employer and Cruz is WAPA TV's employee.

32.     Defendants ABC Insurance Companies have insurance policies which at all times relevant hereto, were in full effect and cover the liabilities and/or unlawful acts which were committed by the defendants herein mentioned.

33.     Plaintiff Cruz is using the fictitious names of ABC Insurance Companies because at this time he does not know the real names of such insurance companies.  Once the real names become known, CRUZ will substitute those fictitious names with the real names of such party defendants.

34.     Defendants DEF are other parties that have engaged in unlawful acts against Cruz. Plaintiff Cruz is using the fictitious names of DEF because at this time they do not know the real names of such party defendants.  Once the real names become known, Cruz will substitute those fictitious names with the real names of such party defendants.

35.     All defendants have received actual knowledge of Cruz' administrative charge and its amendments filed claiming sex/gender, age discrimination and retaliation, which were administratively filed before the EEOC.

36.     All Defendants have jointly participated in continuous acts of unlawful employment discrimination and retaliation against Cruz on account of his age, gender, and because Cruz engaged in statutorily protected activity by grieving, denouncing, and opposing unlawful employment practices in violation of Federal and Puerto Rico laws.

37.     All defendants are jointly liable for the damages caused to Plaintiff Cruz.

Complaint
Cruz Mora v. WAPA TV *et al.*
Page 6 of 15

### III.    FACTUAL NARRATIVE COMMON TO ALL CLAIMS

38.    In 1996, Cruz began working for Televicentro.  From 1991 until 1996, he was a Freelance Reporter. From 1996 up until the present, Cruz has been working as a Sports Anchor Reporter.  From the year 2007 until 2016, Cruz also worked for WAPA Deportes, which is a division or department within Televicentro. Since 2016, Cruz has not been assigned work at WAPA Deportes, which is a twenty-four (24) hour TV sports channel.

39.    During his employment tenure with WAPA, Cruz has been award several distinguished recognitions, such as,  "Joven Destacado del Año" (in communications) by the "Camara Junior"; Three (3) Reporter of the Year Awards in Volleyball; Five (5) Reporter of the Year Awards in Boxing; Three (3) Reporter of the Year Awards in Basketball; the COLICEBA, one of the most important baseball leagues in Puerto Rico, dedicated a season to Cruz and the Female Superior Volleyball League of Puerto Rico also dedicated a season in his name.

40.    As a Sports' Anchor Reporter, Cruz' job duties include the preparation of most of the daily news casts.  During his work day, Cruz drafts eleven (11) news casts, eight (8) of them are for the morning news and the remaining three (3) are for WAPA TV's "Noticiero" Program that airs at 11:00am.

41.    After completing these news casts, Cruz leaves the television station to cover the news that will be broadcasted at the 4:00pm edition. Cruz also covers the other newscasters when they are absent.

42.    As part of his job responsibilities, Cruz also covers sports, local, international and Front-page news that are covered in local newspapers.  As a result of his work performance, Cruz lessens the Producers' workload and responsibilities so they can, in turn, concentrate on the rest of the newscast which lasts five (5) hours.

43.    Cruz is allowed to choose the news stories, write them and select and edit the videos that will appear during the newscast. All news stories are written at the moment and have deadlines.  As an Anchor, Cruz covers all the sports news, local and internationally, and on several occasions he has covered important news events that appear on the front page of newspapers the following day.  During his tenure, Cruz has never refused a job assignment and has fulfilled all of responsibilities diligently and completely. His job assistance has always been admirable and he has been always available outside working hours and on weekends if his services are so required.  Cruz has further been accessible for other WAPA TV activities that take place outside his normal work schedule.  Cruz' job relationships with his colleagues and peers have been exceptional and he is always available to help them in the performance of their job responsibilities.

44.    During the 2016 elections, Cruz was the reporter which performed the most daily remote interventions. As a result of his exemplary job performance and during Hurricane Fiona, the then Vice-President of News, congratulated him for being the reporter who had the most daily interventions, averaging four (4) per day for all newscasts.

45.    On or about December 4, 2023, Cruz engaged in statutorily protected activity by grieving to WAPA's Human Resources Department because after more than thirty (30) years of working he had never received a salary increase, while similarly situated reporters who are younger and less senior than him, had received their wage increases.

46.    Cruz has further recently become aware that another sports reporter, who is younger and less senior than him, that commenced working about ten (10) years ago, started with a basic hourly salary rate of $14.00 and now earns the same salary earned by Cruz.

47.     During the month of February 2024, notwithstanding the fact that Cruz is the eldest and most senior sports news caster at WAPA TV, and as such he is the first in line whom the employer needs to contact as to giving job assignments, WAPA TV bypassed Cruz and instead selected Kefren Velazquez to cover the "Serie del Caribe" Baseball event. Kefren Velazquez is much younger and less senior than Cruz.

48.     During the month of February 2024, Cruz requested his employer to be able to cover Major League Baseball.  However, Cruz' request fell upon deaf ears as WAPA TV failed to respond to Cruz' application and later sent Kefren Velazquez to cover sporting events.   As such, WAPA TV unlawfully and willfully discriminated against Cruz due to his age.

49.     During the month of February 2024, Cruz further reiterated his long overdue salary increase, but it was discriminatorily denied while other similarly situated younger and less senior employees than him received their salary increases. This disparate treatment was due to Cruz' age and in retaliation because Cruz had previously demanded such salary increase during December 2023.

50.     During the same month of February 2024, Cruz was further discriminated against due to his age because WAPA did not assign him to perform the newscast known as "Noticiero" to cover the "Serie del Caribe" but instead assigned Guillermo José Torres and even sent him to report on this international baseball event and to broadcast directly from this sporting event's location in Miami, Florida.

51.     During the month of April 2024, yet once again Cruz reiterated his prior requests for a salary increase but again these were rejected due to his age and in retaliation because he had previously grieved to WAPA TV about these and other terms and conditions of his employment.

52.    During July 2021, the then Televicentro News Director, Mr. Rafael Lenin López, granted an adjustment for Cruz' clothing incentive. The increase in the clothing incentive that was agreed upon between Mr. Lenin and Cruz amounted to $7,500.00 annually, equivalent to an increase of $50 payable every two months. Said payment was agreed in such a way that the net payment would always be $1,250.00 every two months. This agreement was fully complied with by WAPA TV until the last incentive payment of November 2023.

53.    During January 2024, without any change in circumstances and due to his age and in retaliation because Cruz had previously engaged in statutorily protected activity by demanding salary increases, WAPA unilaterally reduced the stated clothing incentive.  This reduction amounts to what is now is considered as gross what was previously considered as a net amount of $1,250.00.  In addition, the payment method, which was formerly bimonthly, is now quarterly.

54.    In addition,  Cruz has further requested on multiple occasions to WAPA, that he be recognized and compensated for the additional half hour of time performed as an Anchor Reporter during the morning newscast from 11:00 am to 11:30 am with the corresponding salary adjustment equivalent to twenty-five percent (25%) of his hourly compensation rate, as agreed had been agreed to with WAPA in a Settlement Agreement dated January 25, 2016 involving an EEOC age discrimination case, Number 515-2015-00396, that he had filed against his employer.

55.    Through a letter dated March 4, 2024, Sylvia Valentín, Televicentro's Vice President of Human Resources, acknowledged the existence of the above stated Settlement Agreement and informed Cruz that prospectively, commencing on March 11, 2024, Cruz would receive this salary adjustment.

Complaint
Cruz Mora v. WAPA TV *et al.*
Page 10 of 15

56.    However, WAPA has not made any retroactive payments owed to Cruz (since January 25, 2016 until March 11, 2024), which approximately amounts to $32,448.00. WAPA has refused to make to make this retroactive payment due to his age and in retaliation because of his engagement in the previously described statutorily protected activities.

57.    Ever since 1992, Cruz has been assigned by Televicentro to cover the political primaries and general elections here in Puerto Rico. However, during the recent primaries held on June 2, 2024, he was not called upon to cover them due to his age, when similarly situated younger and less senior employees, were asked to cover such primaries. Televicentro also hired individuals who do not work for the TV station to cover these primaries.

58.    During June 2024, Cruz became aware that Kefren Velazquez, who is younger and less senior than him had been assigned to travel to New York to cover several events during the weekend of June 6-9, 2024. This is the sixth time Velazquez has been assigned to travel abroad during the last ten (10) months, while the last time Cruz was requested to travel to cover a news event was in 2021.

59.    Cruz has been discriminatorily and in retaliation for his protected activities, denied the opportunity to travel and report from the Major League Baseball All Star game, which took place on July 16, 2024 in Arlington, Texas, due to his age, as a younger and a less senior reporter travelled to Texas and covered such sporting event.

60.    As part of the ongoing employment age discrimination and retaliation pattern against Cruz, during mid-August 2024 he became aware that he had not been assigned to cover Roberto Clemente Day in Pittsburgh, Pennsylvania, an activity which has always been scheduled yearly for September 15. Instead of offering and assigning Cruz the reporting of this

sports event, Kefren Velazquez, a younger sports and less senior reporter, was assigned to cover such event.

61.     As of August 2024, this was the sixth consecutive time that Cruz has been bypassed to cover other Sporting events outside of Puerto Rico, due to his age and because he had grieved about his terms and conditions of employment.

62.     During October 2024, WAPA TV once again discriminated against Cruz due to his age and further continued its pattern of retaliation against him when once again Kefren Velazquez was chosen to cover Major League Baseball's World Series.  WAPA TV sent Kefren Velazquez to cover this sporting event without first consulting Cruz to determine his availability.

63.     During the last week of October 2024, because Kefren Velazquez and Natalia Melendez were absent and both of whom are younger and less senior than Cruz, he worked in the news anchor position from 4:00pm and was not paid the corresponding differential as established in the collective bargaining agreement and in Cruz' employment contract with WAPA TV.

64.     On November 14, 2024, Cruz was yet again discriminated against due to his gender and age and was further retaliated against due to his prior filing of the previously stated EEOC administrative charges.  On such date, his parking spot which had been assigned to him for the past ten (10) years since 2015, was given to Katiria Soto, a female reporter who is much younger than Cruz. This parking spot had been shared by Pedro Rosa Nales and Cruz.  The assignment of parking lot spaces at WAPA had been based on job seniority.

65.     On November 14, 2024, Televicentro's Security Guard, without any prior notice to Cruz, instructed Katiria Soto to park her vehicle in Cruz' spot because her assigned parking

Complaint
Cruz Mora v. WAPA TV *et al.*
Page 12 of 15

place was unavailable due to certain construction work.  Cruz' parking spot would become Katria

Soto's parking spot, and her former parking spot was given to Cruz.

66.    During the last week of January 2025, Cruz became aware that once he was

bypassed by Kefren Velázquez, who is younger and less senior than Cruz, and selected to cover

the baseball sporting event known as "Serie del Caribe."    Televicentro has once again

discriminated against Cruz due to his age and retaliated because he has engaged in statutorily

protected activities.  Maite Martel, as WAPA Deportes' Producer, has previously once selected

Kefren Velázquez over Cruz in violation of his seniority rights and due to Cruz' age.  As a matter,

Ms. Martel has commented to Cruz that he should seek "younger and prettier talent" for the

productions she assigned Cruz to.

## IV. FIRST CAUSE OF ACTION
### (ADEA: Age Discrimination and Retaliation)

66.    Plaintiffs re-allege each preceding allegation as if fully set forth herein and

incorporates them hereto by reference.

67.    Defendant WAPA TV has willfully violated ADEA's provisions by engaging in

discriminatory employment practices and retaliation against Cruz on account of his age and

because of his engagement in statutorily protected activities.

68.    Cruz hereby requests back pay of all salary compensation that he is entitled to

receive but for the age discrimination and retaliation he has been the victim of. Cruz further

demands that he be compensated for his economical and emotional damages he has suffered

due to Defendant WAPA's egregious unlawful conduct.   Plaintiff Cruz demands compensation

for these damages in an amount of not less than $300,000.00.

## V.   SECOND CAUSE OF ACTION
### (Title VII: Gender Discrimination and Retaliation)

69.    Plaintiffs re-allege each preceding allegation as if fully set forth herein and incorporates them by reference hereto.

70.    Defendant WAPA TV has further violated Plaintiff Cruz' rights under Title VII.

71.    Plaintiff Cruz is entitled to compensatory damages and back pay.  Plaintiff Cruz has suffered considerable economic and personal damages as a result of Defendant WAPA TV's willful conduct, including the gender discrimination he was subjected to as well as retaliation. Plaintiff Cruz demands compensation for these damages in an amount of not less than $300,000.00.

72.    Plaintiff Cruz prays that judgment be entered on his behalf and against the Defendants and that he be awarded all relief available to his by law.

## VI.   THIRD CAUSE OF ACTION
### (Violation to Puerto Rico Laws Nos. 115, 100 and Puerto Rico's
### Civil Code 2020 for Breach of Contract)

73.    Plaintiffs re-allege each preceding allegation as if fully set forth herein and incorporates them by reference hereto.

74.    Defendant WAPA TV has violated Cruz' rights secured under Puerto Rico Acts Nos. 115, and 100.  Defendants have discriminated against Cruz on account of his age and gender and further retaliated against him because he has engaged in statutorily protected conduct.

75.    Defendant WAPA TV has further breached its contractual obligations with Plaintiff Cruz which have caused him severe economic and emotional damages.

76.    Plaintiff Cruz is also entitled to compensatory damages, and back pay.  Plaintiff

Cruz has suffered economic and emotional damages because of Defendants' unlawful conduct.

Cruz demands that these damages be compensated in an amount not less than $350,000.00.

## VII. FOURTH CAUSE OF ACTION
### (Violation of Article 1536 of Puerto Rico's Civil Code (2020)

77.    Plaintiffs re-allege each preceding allegation as if fully set forth herein and

incorporates them by reference hereto.

78.    Plaintiff Vargas has suffered considerable emotional and economic damages

resulting from Defendant Televicentro's acts of discrimination and retaliation against Cruz.

Plaintiff Vargas demands that these damages be compensated in an amount not less than

$350,000.00.

**WHEREFORE**, premises considered, Plaintiffs Cruz and Vargas pray that this Honorable

Court enter Judgment against defendants and grant Plaintiffs the following relief:

(a)    An award of compensatory damages, including but not limited to back pay and front pay

and prejudgment interests, of not less than $950,000.00;

(b)    An award of double compensatory damages under Puerto Rico Acts Nos. 115, and 100

(c)    An award for costs and reasonable attorney fees;

(d)    An award of compensatory damages for Vargas in an amount of not less than $350,000.00

(e)    Any other and further relief, which this Court may deem just, and proper; and

(f)    A trial by jury.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of March 2025.

Complaint
Cruz Mora v. WAPA TV *et al.*
Page 15 of 15

In San Juan, Puerto Rico, this 12th day of March 2025.

_____
**s/ JOSÉ G. FAGOT DÍAZ**

**DESPACHO LEGAL
DORNA-LLOMPART
USDC PR No. 204112
Attorney for Plaintiff**
1353 Ave. Luis Vigoreaux
PMB 805
Guaynabo, PR 00966
Tel:(787) 367-8702
email: jgf@fagot-law.com
josegabrielemilio@gmail.com