IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN ALBERTO CRUZ MORA, ET. AL.,<br><br>Plaintiffs,<br><br>v.<br><br>TELEVICENTRO OF PUERTO RICO, ET. AL.,<br><br>Defendants. | CIV. NO.: 25-1147 (SCC) |

## OMNIBUS OPINION AND ORDER

Pending before the Court is Defendant Televicentro of Puerto Rico, LLC's ("Defendant Televicentro") request for this Court to dismiss the Amended Complaint for want of jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Rule 12(b)(1)" and "Rule 12(b)(6)"). *See* Docket No. 37. Plaintiffs Juan Alberto Cruz Mora ("Plaintiff Cruz"), Sandra del Carmen Vargas Ortiz, and the Legal Conjugal Partnership between them (collectively, "Plaintiffs") opposed Defendant Televicentro's request. *See* Docket No. 42.

Also before the Court is Defendant AXIS Surplus Insurance Company's ("Defendant AXIS") request for this Court to dismiss the Amended Complaint for insufficient service of process and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)") and Rule 12(b)(6). *See* Docket No. 32. Plaintiffs opposed Defendant AXIS' request. *See* Docket No. 33. For the reasons set forth below, both requests are **DENIED.**

## I. STANDARD OF REVIEW

Under Rule 12(b)(1), a defendant may move for dismissal for want of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction carries the burden of demonstrating its existence. *Johansen v. United States,* 506 F.3d 65, 68 (1st Cir. 2007). In analyzing such a motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (citing *Valentin v. Hospital Bella Vista,* 254 F.3d 358, 363 (1st Cir. 2001)). Further, the Court "may consider whatever evidence has been submitted, such as…depositions and exhibits." *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011). After determining that subject matter jurisdiction

exists, the Court may then proceed to consider the legal sufficiency of the complaint under Rule 12(b)(6). *See Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002) ("When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter.").

Rule 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Great factual specificity is unnecessary; what is required is "only enough detail to provide a defendant with 'fair notice of what the…claim is and the grounds upon which it rests.'" *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must contain enough facts "to 'state a claim…that is plausible on its face,'" not merely conceivable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(5) provides for the dismissal of claims for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Rule 12(b)(5) enables a defendant to challenge the "delivery or the

lack of delivery of the summons and complaint." *Ramírez De Arellano v. Colloides Naturels Int'l*, 236 F.R.D. 83, 85 (D.P.R. 2006). In analyzing such a challenge, the Court "refers to the rules governing service of process," namely, Federal Rule of Civil Procedure 4 ("Rule 4"). *Schiff v. Internal Revenue Serv.*, No. 24-1511, 2026 WL 1179335, at *4 (D.P.R. Feb. 6, 2026) (citing *LD White Sugar Corp. v. Able Sales Co., Inc.*, No. 19-2099, 2021 WL 11962976, at *1 (D.P.R., Mar. 24, 2021)). Once adequately challenged, the plaintiff bears the burden of showing that service was proper. *Rivera Otero v. Amgen Mfg. Ltd.*, 317 F.R.D. 326, 328 (D.P.R. 2016) (citing *Rivera Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992)).

## II. ANALYSIS

### a. Defendant Televicentro's Motion to Dismiss

### i. Dismissal for Lack of Jurisdiction

Boiled down to its simplest terms, Defendant Televicentro's argument in favor of dismissal under Rule 12(b)(1) is that this Court is not the appropriate forum to resolve Plaintiffs' claims. Docket No. 37, pg. 3. Defendant Televicentro argues that a "substantial part" of Plaintiffs' claims fall within the exclusive jurisdiction of the National Labor Relations Board (the "NLRB"), as several of the supporting allegations involve unfair labor practices under

Section 8 of the National Labor Relations Act (the "NLRA"). *Id.* at pg. 10. Specifically, Defendant Televicentro points to the alleged unilateral modification of Plaintiff Cruz's clothing incentive. *Id.* at pgs. 22–23. Alternatively, Defendant Televicentro argues that dismissal is appropriate because Plaintiffs failed to exhaust the grievance and arbitration procedures contained in the Collective Bargaining Agreement (the "CBA"). *Id.* at pg. 3.

The NLRA "is a comprehensive code passed by Congress to regulate labor relations in activities affecting interstate and foreign commerce." *Nash v. Florida Indus. Comm'n,* 389 U.S. 235, 238 (1967). In passing the NLRA, Congress "inten[ded] to create a uniform, nationwide body of labor law interpreted by a centralized expert agency—the [NLRB]." *Tamburello v. Comm-Tract Corp.,* 67 F.3d 973, 976 (1st Cir. 1995). Accordingly, the NLRA places primary jurisdiction over unfair labor practices in the hands of the NLRB. *See* 29 U.S.C. § 158. In *Garmon,* the U.S. Supreme Court held that "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy is to be averted."[1]

[1] To note, Section 7 of the NLRA protects employees' rights to organize,

*San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).  Thus, "as a general rule, neither state nor federal courts have jurisdiction over suits directly involving 'activity which is arguably subject to § 7 or § 8 of the [NLRA].'"  *Vaca v. Sipes*, 386 U.S. 171, 179 (1967) (quoting *id.*).  In determining if a claim involves activity subject to the NLRA that invokes the jurisdiction of the NLRB, the Court "intentionally focus[es] on the conduct at the root of th[e] controversy…as opposed to the descriptive title of" the cause of action.  *Chaulk Servs., Inc. v. Massachusetts Comm'n Against Discrimination*, 70 F.3d 1361, 1365 (1st Cir. 1995); *see also Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge*, 403 U.S. 274, 292 (1971) ("It is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern.").

At its core, the clash between Plaintiffs and Defendant Televicentro here is how to characterize Plaintiffs' claims.  In Defendant Televicentro's view, the clothing incentive issue

---

form, join, or assist a labor organization and to participate in collective bargaining. 29 U.S.C. § 157. Section 8 of the NLRA prohibits an employer from engaging in unfair labor practices. 29 U.S.C. § 158. This includes, for example, restraining or coercing employees in the exercise of their rights to participate in a CBA, interfering with the formation and administration of any labor organization, or discrimination in hiring or maintaining an employee, or affecting any term or condition of employment, to encourage or discourage membership in a labor organization. *Id.*

indicates that this is "a contract-based employment dispute over a condition of employment, not a statutory claim of discrimination." Docket No. 37, pg. 26. In contrast, Plaintiffs posit that the Amended Complaint sets out a statutory discrimination dispute, with specific allegations—such as the modification of the clothing incentive—operating as "factual component[s] of a broader pattern of age discrimination and retaliation." Docket No. 42, pg. 21.[2] Plaintiffs reiterate that "the case must be viewed in its entirety, not through the selective and misleading extraction of isolated references." *Id.* at pg. 20. Here, Plaintiffs' Amended Complaint sets out claims for age discrimination, gender discrimination, and retaliation under federal and Puerto Rico law. Docket No. 23. It is true, as Defendant Televicentro notes, that the Court must focus on "the conduct at issue, not on the remedy sought." Docket No. 37, pg. 20; *see also Chaulk Servs., Inc.*, 70 F.3d at 1365. However, even assuming, *arguendo*, that the Court is persuaded by Defendant Televicentro's characterization of the clothing incentive issue as an unfair labor practice subject to Section 8 of the NLRA, Defendant Televicentro has failed

---

[2] To illustrate this distinction, Plaintiffs state: "[t]he issue before this Court is not whether [Defendant Televicentro] could modify a clothing allowance under the CBA, but whether it altered [Plaintiff Cruz's] clothing incentive for discriminatory or retaliatory reasons prohibited by Title VII and the ADEA." Docket No. 42, pg. 22.

to provide any legal support to conclude that a single allegation is sufficient for preemption under *Garmon* to apply to a case in its entirety.

Plaintiffs' allegations span numerous topics, including: Plaintiff Cruz being passed over for assignments and travel opportunities, removal of his assigned parking spot, modification of the clothing incentive, and failure to provide him with salary increases or compensate him for overtime work.   Docket No. 23, pgs. 7–11.   Considering all these allegations collectively, the Court finds that the ultimate question presented by Plaintiffs' Amended Complaint is whether Defendant Televicentro engaged in discriminatory practices and retaliation against Plaintiff Cruz on account of his age, gender, and protected activity—specifically, grieving to the Human Resources department.  Docket No. 23.  This is in clear contrast to cases in which the challenged conduct connects to labor or union activity, and thus, falls under the jurisdiction of the NLRB.  *See Tamburello*, 67 F.3d at 977 ("The ultimate question presented by [plaintiff]'s claims is whether [defendant] intimidated, coerced, threatened, and harassed him into quitting his job in retaliation for his *union activities as a union steward*. It is beyond dispute that these allegations, if found to be true, would constitute a violation of the NLRA."

(emphasis added)); *see also Pabón-Villafañe v. Sartorius AG*, No. 21-1128, 2023 WL 4628410, at \*4 (D.P.R. June 12, 2023) ("[Plaintiff] asserted claims for discrimination on account of his leadership, representation, and participation *in the labor union*. These claims (whether under Puerto Rico or federal law) fall squarely within the unfair labor practices that Section 8 of the [NLRA] forbids."). In conclusion, the Court finds that Plaintiffs' claims set out a statutory challenge that does not involve activity subject to the NLRA, and thus, does not fall under the jurisdiction of the NLRB.

As an alternative line of attack, Defendant Televicentro argues that Plaintiffs' claims should be dismissed for failure to exhaust the CBA's grievance and arbitration procedures prior to filing suit before this Court. Docket No. 27, pg. 3. However, "[i]n order for a union to waive employees' rights to a federal judicial forum for statutory antidiscrimination claims, the agreement to arbitrate such claims must be clear and unmistakable." *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 70 (1998). Finding no "clear and unmistakable" language to that effect in the CBA, *see* Docket No. 37-1, the Court concludes that Plaintiffs' claims should not be dismissed for failure to exhaust the CBA procedures. Thus, Defendant Televicentro's request for dismissal pursuant to

Rule 12(b)(1) is denied.

### ii.  Dismissal for Failure to State a Claim

The introduction of Defendant Televicentro's motion indicates that dismissal under Rule 12(b)(6) is appropriate, as Plaintiffs' Amended Complaint fails to plead a claim upon which relief may be granted.  Docket No. 37, pg. 3.  However, besides stating the applicable standard of review, Defendant Televicentro fails to elaborate in any way on its Rule 12(b)(6) argument, instead focusing exclusively on its jurisdictional contentions.  As such, the Court need not delve into the matter.  Thus, Defendant Televicentro's request for dismissal pursuant to Rule 12(b)(6) is likewise denied.

### b.  Defendant AXIS' Motion to Dismiss

### i.  Dismissal for Failure to State a Claim

Defendant AXIS presents two arguments in favor of its request for dismissal.  Firstly, Defendant AXIS contends that if the Court dismisses Plaintiffs' claims against Defendant Televicentro, the insured, Plaintiffs necessarily fail to state a claim against Defendant AXIS, the insurer.  Docket No. 32, pg. 4.  As the Court has already declined the invitation to dismiss the claims asserted against Defendant Televicentro in the preceding section, it need not grapple with Defendant AXIS' first argument.  Accordingly, Defendant AXIS' request for

dismissal pursuant to Rule 12(b)(6) is denied.

### ii. Dismissal for Insufficient Service of Process

As a second argument, Defendant AXIS asserts that dismissal is appropriate because service of process was insufficient. *Id.* at pg. 6. Specifically, Defendant AXIS contends that the location where Plaintiffs completed service—223 South Wacker Drive, Suite 3510, Chicago, IL 60606—is not the location of its registered agent, nor are there any officers or agents authorized to accept service located at that address. *Id.* at pg. 7. In opposition, Plaintiffs note that the South Wacker Drive address was provided and confirmed by Defendant AXIS' in-house counsel. Docket No. 33, pg. 6. More importantly, Plaintiffs argue that service of process was sufficient, as it was "executed by delivering copies of the Summons and Complaint to a managing agent, Ben Buckner, on August 21, 2025." *Id.*; *see also* Docket No. 33-1, pg. 1.

Service of process is governed by Rule 4. Specifically, Rule 4(h), which provides the specific requirements for service upon a corporation, is satisfied "in the manner prescribed by Rule 4(e)(1) for serving an individual" or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process."   Fed. R. Civ. P. 4(h); *see also Díaz-Rivera v. Supermercados Econo Inc.*, 18 F. Supp. 3d 130, 136 (D.P.R. 2014). For its part, Rule 4(e)(1) provides that service is proper if it is conducted in accordance with state law.   Fed. R. Civ. P. 4(e)(1).  Under Puerto Rico law, "a corporation is to be served by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized" to receive service of process. *Ramírez De Arellano*, 236 F.R.D. at 85–86.

While Defendant AXIS contests the location of service of process, neither the Federal Rules nor Puerto Rico law impose a geographical limitation on service of process for a corporation.   Rather, it is the individual to whom the summons and complaint are delivered that is guiding.  Here, service was executed upon Ben Bucker, who represented himself as a managing agent for Defendant AXIS.  Docket No. 33-1.  Defendant AXIS does not challenge this representation. Docket No. 32.   Thus, without any reason to doubt the truthfulness or validity of Ben Bucker's position as a managing agent for Defendant AXIS, the Court is unpersuaded that service was deficient under Rule 4. Accordingly, Defendant AXIS' request for dismissal pursuant

to Rule 12(b)(5) likewise fails.

### III. CONCLUSION

In view of the above, Defendant Televicentro's Motion to Dismiss at Docket No. 37 is **DENIED** and Defendant AXIS' Motion to Dismiss at Docket No. 32 is **DENIED**.  Defendants shall answer the Amended Complaint or otherwise plead by **August 21, 2026**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of August 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE